**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019[*]
Decided February 21, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2586

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09-CR-140 |
| THOMAS P. VITRANO, *Defendant-Appellant*. | Lynn Adelman, *Judge*. |

**O R D E R**

Thomas Vitrano appeals the denial of a motion he purported to bring under Federal Rule of Criminal Procedure 52(b), alleging that the Bureau of Prisons has kept him incarcerated too long. As the district judge recognized, Vitrano's motion was, in substance, a petition for a writ of habeas corpus, see 28 U.S.C. § 2241, which must be filed in the district court with territorial jurisdiction over the person having custody of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the petitioner. Because Vitrano is not confined within the Eastern District of Wisconsin, where he filed the motion, we affirm the dismissal of his motion.

Vitrano was arrested in August 2002 for unlawfully possessing a firearm. See 18 U.S.C. § 922(g). He was prosecuted in the Eastern District of Wisconsin and pleaded guilty. After the government's appeal, in which we concluded that he qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), see *United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005), the district judge sentenced him to 360 months' incarceration.

In 2008, Vitrano moved to vacate his sentence under 28 U.S.C. § 2255. He claimed to have proof that one of the prior convictions supporting his enhanced sentence was not a valid predicate offense. But it turned out that Vitrano had manufactured the proof (a certificate of discharge) and induced his former business partner to claim that he had found it. He was charged in the Eastern District of Wisconsin with perjury and related crimes, and, in May 2010, a jury found him guilty. See *United States v. Vitrano*, 747 F.3d 922, 923 (7th Cir. 2014). Three years later, the judge sentenced him to 120 months' incarceration (the "second sentence"), with 72 months of that sentence running concurrently with his 360-month sentence ("the first sentence").

In 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague and that imposing an increased sentence under it violates a defendant's right to due process. *Samuel Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). Vitrano brought a successful collateral attack on his first sentence and was resentenced to 120 months in prison. *Vitrano v. United States*, No. 2:15-cv-1252 (E.D. Wis. Oct. 28, 2015). He had already served that time as of August 2011—well before the second sentence was imposed. The Bureau of Prisons therefore has computed the release date for Vitrano's second sentence based on a start date at the end of his modified first sentence in August 2011. In other words, no part of his second sentence overlaps with the first. Vitrano maintains that this flouts the district judge's order for partially concurrent sentences because, he argues, 72 months of his second sentence should have been deemed served before August 2011.

After filing multitudinous petitions and motions under 28 U.S.C. § 2241 and § 2255 in various courts across the country—all of which were denied—Vitrano returned to the Eastern District of Wisconsin and filed an assortment of motions in both criminal cases. Among these was one in the unlawful-possession case, styled as a motion under Rule 52(b). In it, Vitrano argued that the Bureau of Prisons has committed

"plain error" by calculating his release date without any of the second sentence running concurrently with the first.

The district court dismissed the motion because Rule 52(b) cannot be used to challenge the Bureau's calculation of the duration of his confinement. The dismissal was without prejudice to Vitrano refiling a § 2241 petition in the proper district court. The judge denied or dismissed all Vitrano's remaining motions.

On appeal, Vitrano challenges only the denial of his "Rule 52(b) motion." He maintains that the Bureau has overstepped its authority and committed obvious error by calculating his release date without any of his second sentence running concurrently with the first. But, as the district court correctly ruled, Rule 52 applies only to court proceedings. See *United States v. Olano*, 507 U.S. 725, 733–34 (1993); FED. R. CRIM. P. 1. It cannot be used to challenge the Bureau's computation of a projected release date. See *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992). The proper way to challenge the duration of confinement is with a petition for a writ of habeas corpus, *id.*, which must be filed in the district in which Vitrano is in custody. 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

AFFIRMED